UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL PEREIRA TETZNER,              )
                                     )
            Petitioner               )
                                     )   Civil Action No.
       v.                            )   04Ccv10403-DPW
                                     )
JOSEPH F. MCDONOUGH, SHERIFF,        )
PLYMOUTH COUNTY, ET AL.,             )
                                     )
            Respondent               )

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Brazil presently detained by respondent Bureau of Immigration and Customs Enforcement ("respondent", "ICE")[1] pending execution of his final order of removal. His petition to this Court asserts unlawful post-order detention, constructively in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity of his final order of removal, but only the lawfulness of his continuing detention in that he asserts "my indefinite detention is unlawful." Petition, p.1.

However, petitioner has been detained in ICE custody

---

[1] As of a DHS restructuring effective June 9, 2003, the responsive successor official of the Department of Homeland Security having control of petitioner's custody in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

following entry of a final removal order for just one month, only since February 4, 2004, and therefore his detention is well within the Supreme Court's rule recognizing six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal. Zadvydas v. Davis, 121 S. Ct. 2491, 2505 (2001)("for the sake of uniform administration in the federal courts, we recognize that [six month] period"). Id.

Petitioner had been scheduled for removal on March 2, 2004, and was transferred to the El Paso Service Processing Center, El Paso, Texas, for the purpose of his removal on that date. However, because of scheduling complications, petitioner was not removed on that date, but remains at the El Paso facility preparatory to his removal in the reasonably foreseeable future.

The petition therefore fails to state a claim of unlawful detention, and accordingly the case should be dismissed for failure to state a claim upon which relief may be granted.

**ARGUMENT**

I. BECAUSE PETITIONER HAS BEEN DETAINED FOR ONLY ONE MONTH, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner seeks a writ of habeas corpus on the basis that the Department of Homeland Security "does not have statutory authority to detain me indefinitely." Petition, p.1. However, petitioner has been detained just one month, since February 4,

2004, and petitioner has now been transferred to El Paso, Texas, preparatory to his removal either on a specially chartered flight to Brazil, or on a commercial flight, as soon as arrangements are completed.

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.</u>

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to</u>

3

believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), even where post-order detention had exceeded six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in Zadvydas which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, only the scheduling of petitioner's removal remains to accomplish his removal. In fact, petitioner had already been scheduled for removal on March 2, 2004, but unfortunately his name was not included on a clearance list. However, it is expected that petitioner will soon be scheduled for removal and so there is a "significant likelihood of removal in the reasonably foreseeable future".

Although respondent has no reason to expect a prolonged detention of petitioner, his detention by respondent for the purpose of enforcing the removal order against his is presumptively lawful for the first six months of his detention under the Supreme Court's rule in Zadvydas.

Accordingly, the petition should be dismissed without

4

prejudice to petitioner's re-filing of any cognizable claim on or after August 4, 2004.

## CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on March 4, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

5