UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL PEREIRA TETZNER,      )
                             )
          Petitioner         )
                             )    Civil Action No.
    v.                       )    04Ccv10403-DPW
                             )
                             )
JOSEPH F. MCDONOUGH, SHERIFF,)
PLYMOUTH COUNTY, ET AL.,     )
                             )
          Respondent         )

SUPPLEMENTAL RETURN AND MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS, AND REPORT TO COURT

**SUMMARY CASE STATEMENT**

On February 27, 2004, the emergency Judge issued an Order for the government to respond to this action by March 5, 2004, "by, among other things, reporting whether it is moot because petitioner has been deported." At the time of the issuance of that Order, petitioner was scheduled to be removed on March 2, 2004. However, due to scheduling complications, petitioner was not removed from the United States on that date.

Respondent now reports to Court that petitioner has now been removed from the United States, on March 25, 2004. The petition does not challenge the validity or enforceability of petitioner's final order of removal but only the lawfulness of his (erstwhile) continuing detention in that he asserts "my indefinite detention is unlawful" Petition, p.1.

Accordingly, since petitioner is no longer in respondent's custody, the case should be dismissed as moot.

**ARGUMENT**

I.  PETITIONER HAS BEEN REMOVED FROM THE UNITED STATES AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).
The instant petition was filed February 27, 2004.

Because, petitioner, whose habeas complains only of his continuing detention, has now been removed on March 25, 2004, the result sought in the petition -- release from the custody of the Department of Homeland Security -- has already been effected,

2

there is no live case or controversy, and accordingly the petition should be dismissed as moot.

## CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail at his record address on April 5, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114